[Civ. No. 54742. First Dist., Div. One. Dec. 19, 1983.]

AILEEN E. BOOGAERT et al., Plaintiffs and Appellants, v.
OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA,
Defendant and Respondent.

**COUNSEL**

Wade H. Hover for Plaintiffs and Appellants.

Thomas M. Herlihy, John L. Boos and Pettit & Martin for Defendant and Respondent.

**OPINION**

**ELKINGTON, Acting P. J.**—The following facts of this appeal appear to be uncontroverted.

One Fowler, who was born *November 22, 1914,* had been the insured of a five-year convertible and renewable term life insurance policy issued by defendant Occidental Life Insurance Company (Occidental). During the policy's term plaintiffs Aileen Boogaert and Wade H. Hover became judgment creditors of Fowler, as a result of which in some way they became the owners and beneficiaries of the policy, and assumed payment of its premiums. Thereafter, plaintiffs exercised a conversion option of the policy and

caused it to be converted to a $50,000 whole life insurance policy on Fowler's life. The new policy was issued *July 12, 1969,* and July 12 became the policy's anniversary date. Plaintiffs continued to pay its premiums, and the policy appears now to be in effect.

In exercising the conversion option, plaintiffs elected to maintain a *"waiver of premium"* rider such as had been a part of the previous term policy. The "waiver of premium" rider provided, as here relevant, the following (the italics are ours):

"Waiver of Premium Benefits

"The Company will waive each premium falling due during the continuance of the *permanent total disability* of the Insured. . . .

"*Definition of Permanent Total Disability*—Disability shall be considered total whenever the Insured becomes *so disabled by* injury occurring or *disease* originating after the date this rider is signed for the Company *as to be wholly unable to engage in any gainful occupation for which the Insured is, or becomes, fitted by reason of education, training or experience.* . . .

"*Automatic Termination*—This rider *shall automatically terminate*: . . . (4) *at policy anniversary date nearest age 60 of the Insured.* . . ."

(It will be seen from the foregoing that the "waiver of premium" rider of the policy *expired* on the policy's anniversary date, *July 12, 1974,* which was nearest to Fowler's 60th birthday of *Nov. 22, 1974.*)

On, and following, *July 12, 1974,* the premiums paid by plaintiffs on the whole life policy were substantially reduced on account of the above-mentioned automatic termination of the "waiver of premium" rider.

On July 17, 1978, plaintiffs "informed Occidental that Fowler *had been disabled since November 1, 1976,* and plaintiffs demanded a refund of past premiums and a waiver of future premiums." (Italics added.)

The demanded refund and waiver not being made by Occidental, plaintiffs commenced the instant action seeking thereby, judgment that Occidental "refund to plaintiffs their premium payments from the commencement of the period of Insured's disability which has now become total and permanent."

The action was tried to the court without a jury. Following presentation of plaintiffs' case, the court granted Occidental's motion for judgment under

Code of Civil Procedure section 631.8. Upon plaintiffs' request for findings of fact the court, among other things, found the following (the italics are ours).

"*The waiver of premium provision in the whole life policy . . . applied if Fowler became totally and permanently disabled, as defined by the policy, prior to the termination of the waiver provision.*

"*Pursuant to the policy conditions, the waiver of premium provision terminated on July 12, 1974, the policy anniversary date nearest age sixty (60) of the insured (Fowler was born on November 22, 1914).* Annual premiums were thereafter reduced. . . .

"On July 17, 1978, *plaintiffs informed Occidental that Fowler had been disabled since November 1, 1976,* and plaintiffs demanded a refund of past premiums and a waiver of future premiums."

From the foregoing, and as pointed out, the trial court concluded that: "In order to receive a waiver of premium under the whole life policy, *Fowler must be disabled prior to or at the time of the termination of the waiver of premium provision.*"

Judgment, as noted, was entered in favor of Occidental.

The issues instantly before us are whether the above-related findings of fact and judgment are supported, under the law and by substantial evidence.

■ We consider first the question of law, i.e., the interpretation of the automatic termination clause of the policy's "waiver of premium" rider: "This rider shall automatically terminate . . . at policy anniversary date nearest age 60 of the insured."

■ The interpretation of an insurance policy, as with all contracts, is a *matter of law* for a reviewing court's independent determination. (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 430 [296 P.2d 801, 57 A.L.R.2d 914]; *Pechtel* v. *Universal Underwriters Ins. Co.* (1971) 15 Cal.App.3d 194, 201 [93 Cal.Rptr. 53].)

■ We find the policy's automatic termination clause to be clear and unambiguous. The "waiver of premium" rider *automatically terminated* on the policy anniversary date of the July 12 nearest the insured's 60th birthday. It would be difficult, we opine, to more clearly express the policy's intent and purpose. Accordingly, as a matter of law, the automatic termination date of the policy's "waiver of premium" rider was July 12, 1974.

(We have considered plaintiffs' argument that the policy anniversary date should be "reformed" from July 12 to *August 12*. Assuming, but only arguendo, the correctness of the contention, it would avail plaintiffs nothing, for as will presently be seen the trial court found no proof of Fowler's permanent total disability by the time of the latter date also.)

We turn now to the question whether the trial court's above-noted findings of fact were supported by the trial's evidence.

The well-known substantial evidence rule of appellate procedure thus becomes our concern.   ██   When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. It is of no consequence that the trial court, believing other evidence or drawing different inferences, might have come to a contrary conclusion. (*Grainger* v. *Antoyan* (1957) 48 Cal.2d 805, 807 [313 P.2d 848]; and see *People* v. *Johnson* (1980) 26 Cal.3d 557, 576-577 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

██   The critical question before us is whether the trial court's determination that Fowler was not disabled, according to the policy's terms, prior to November 1, 1976, i.e., a date *two years after* the waiver of premium termination date, was supported by substantial evidence.

We state the entire evidence on the subject.

Plaintiffs' medical witness on *direct examination* testified that he "considered Mr. Fowler to be continuously and totally unable to engage in remunerative activities [after] June the first of 1974." (According to that evidence Fowler became *totally disabled before* the waiver of premium termination date.)

But on *cross-examination* the doctor, as to "June the first of 1974," stated: "I really don't know" and that he was "not sure whether or not Mr. Fowler was totally disabled from engaging in his occupation. . . ." Such evidence alone justified the trial court's conclusion.

However, and as pointed out by the trial court's findings: "On July 17, 1978, plaintiffs informed Occidental that Fowler had been disabled since *November 1, 1976.*"

Such an admission is allowable in evidence "when offered against the declarant in an action to which he is a party in either his individual or representative capacity. . . ." (Evid. Code, § 1220.) ■ And: "Admissions of a party . . . are received to prove the truth of the assertions; i.e., they constitute affirmative or substantive evidence which the jury or court may believe as against other evidence, including the party's own contrary testimony on the stand." (Witkin, Cal. Evidence (2d ed. 1966) The Hearsay Rule, § 496(c), p. 467; and see authority there collected.)

■ There was thus substantial evidence that such disability as affected Fowler, occurred more than 15 months *after* the policy's "waiver of premium" rider had automatically terminated.

It is of course true, as argued by plaintiffs, that an admission is "subject to explanation" at the trial. But here the trial court, as Mr. Witkin and we have pointed out, was free to believe the admission and reject its explanation.

Moreover, as we have seen, the policy defines its required "permanent total disability" as that which renders the insured "wholly unable to engage in any gainful occupation for which the insured is, or becomes, fitted by reason of education, training or experience." Plaintiffs' medical witness, (as to whom they say there was "*no*" disability evidence *except* his), had testified that he was "not sure whether or not Mr. Fowler was *totally* disabled from engaging in his occupation in real estate."

It must reasonably be said that there was substantial evidence supportive of the trial court's criticized findings of fact and judgment.

We find no record support, as distinguished from statements of counsel, that the trial court refused to allow plaintiffs to take Fowler's deposition (such a deposition, unfavorable to plaintiffs had in fact been taken), or to grant a continuance therefor, or that Fowler had finally waived his previously exercised "privilege." Nor need we consider other points and arguments raised by the parties, or other of the trial court's findings of fact. ■ "[H]owever lame, however inconclusive, any number of the findings may be, if in any case there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest its judgment upon that finding, or those findings, and the others may and will be disregarded." (*Brewer* v. *Simpson* (1960) 53 Cal.2d 567, 584 [2 Cal.Rptr. 609, 349 P.2d 289].)

The judgment is affirmed.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied January 18, 1984.