[No. C000114. Third Dist. May 6, 1987.]

STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff and Respondent, v.
KAREN LEWIS, Defendant and Appellant.

COUNSEL

Friedman, Collard, Poswall & Virga, John M. Poswall and Georgann B. Johnston for Defendant and Appellant.

Matheny, Poidmore & Sears, Douglas A. Sears and Michael A. Bishop for Plaintiff and Respondent.

OPINION

SIMS, J.—Defendant Karen Lewis (Karen) appeals from a judgment declaring that plaintiff State Farm Fire and Casualty Company (State Farm) has no duty under a homeowner's insurance policy to defend or indemnify the estate of her late husband, Wesley Lewis (Wesley), either for injuries Karen sustained or for the wrongful deaths of the Lewis's two minor children.

On appeal Karen concedes the policy excludes coverage for her own physical bodily injuries.[1] She contends, however, that the policy's exclusionary clause does not unambiguously exclude coverage for her children's wrongful deaths because, as is generally understood, a cause of action for "wrongful death" is not a cause of action for "bodily injury." She urges that the policy be construed in her favor as not excluding coverage for wrongful death.

We conclude the policy unambiguously fails to insure against the damages sought by Karen and therefore affirm the judgment.

### FACTS AND PROCEDURAL BACKGROUND

The factual predicate to this case is concededly tragic.

Wesley shot and killed the two minor children of the marriage who resided with Karen and him. Wesley later attacked Karen with a pipe, causing her bodily injury. Wesley thereafter took his own life.

Karen filed an action against Wesley's estate for her own injuries and for her children's wrongful deaths. At the time of the killings, Wesley was insured by a homeowners' insurance policy issued by State Farm.[2]

The policy provided in pertinent part: "COVERAGE L—PERSONAL LIABILITY [¶] If a claim is made or suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will: [¶] a. pay up to our limit of liability for the damages for which the insured is legally liable; and [¶] b. provide a defense at our expense by counsel of our choice. . . ." The policy defined "insured" as "you and the following *residents of your household*: [¶] a. your relatives; . . ." (Italics added.) The

---

[1]At oral argument, Karen suggested she might have suffered some specie of bodily injury other than "physical" bodily injury. We need not dwell on that assertion, since, as we shall explain, all damages for bodily injury otherwise covered by the policy are excluded from coverage when suffered by Karen.

[2]The record does not indicate the status of Karen's action. That action is not presently before us.

policy defined "bodily injury" as "*bodily harm,* sickness or disease, *including* required care, loss of services and *death resulting therefrom.*" (Italics added.)

Under "SECTION II—EXCLUSIONS" the policy provided in pertinent part that "Coverage L—Personal Liability . . . [does] not apply to: [¶] . . . g. bodily injury to you or any insured within the meaning of part (a) . . . of insured [as quoted above]."

State Farm filed this action seeking a declaration that the policy excluded coverage for Karen's injuries and her children's wrongful deaths. The trial court concluded, "Coverage for injury or death to Karen Lewis and her children is clearly excluded in the homeowners insurance policy of Wesley Lewis."

### DISCUSSION

■ The interpretation of an insurance policy, like any other contract, is a matter of law as to which a reviewing court must make its own independent determination. (*Cal-Farm Ins. Co.* v. *TAC Exterminators, Inc.* (1985) 172 Cal.App.3d 564, 571 [218 Cal.Rptr. 407]; *Boogaert* v. *Occidental Life Ins. Co.* (1983) 150 Cal.App.3d 875, 879 [198 Cal.Rptr. 357].) ■ Our Supreme Court recently concluded, "It is a basic principle of insurance contract interpretation that doubts, uncertainties and ambiguities arising out of policy language ordinarily should be resolved in favor of the insured in order to protect his *reasonable* expectation of coverage. [Citations.] It is also well established, however, that this rule of construction is applicable only when the policy language is found to be unclear. [Citations.] ■ ' "A policy provision is ambiguous when it is capable of two or more constructions, both of which are reasonable." [Citation.]' Whether language in a contract is ambiguous is a question of law. [Citation.] We are also guided by the principle that words in an insurance policy must be read in their ordinary sense, and any ambiguity cannot be based on a strained interpretation of the policy language. [Citation.]" (*Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 912 [226 Cal.Rptr. 558, 718 P.2d 920], italics in original.)

■ We perceive no material ambiguity in the insurance policy at issue. The policy does not provide an unlimited universe of coverage. State Farm's obligations are triggered where a claim is made or suit is brought "for damages because of bodily injury . . . to which this coverage applies, . . ."[3] This language unambiguously means that the damages must be caused in some manner by bodily injury covered by the policy.

---

[3] No contention is made that property damage has any relevance to this case.

Not all kinds of bodily injury are covered. A conspicuous exclusion says personal liability coverage does not apply to "bodily injury to . . . any insured within the meaning of part (a) . . . ." An insured "within the meaning of part (a)" includes relatives of the insured who were residents of the insured's household. Karen and the children satisfied these criteria and were therefore insureds. Bodily injury to them is not covered by the policy. "Bodily injury" is defined to include "bodily harm . . . and death resulting therefrom." Consequently, State Farm had no obligation to defend or indemnify Karen "for damages because of bodily injury" to her or to the children, or because of the children's deaths.

Karen contends, however, the insurance policy's exclusion contains an ambiguity because it does not state whether the term "bodily injury" as used in the exclusion for "bodily injury to . . . any insured" includes wrongful death. Karen claims a cause of action for "wrongful death," as commonly understood, is not a cause of action for "bodily injury" but a distinct cause of action for economic loss which belongs to the decedent's survivors. (See, e.g., *Krouse* v. *Graham* (1977) 19 Cal.3d 59, 66-72 [137 Cal.Rptr. 863, 562 P.2d 1022]; *Fuentes* v. *Tucker* (1947) 31 Cal.2d 1, 9 [187 P.2d 752]; *Farmers Ins. Exch.* v. *Brown* (1967) 252 Cal.App.2d 120, 122 [60 Cal.Rptr. 1].) Karen urges this court to construe the term "bodily injury" in her favor and assertedly in favor of coverage by holding it does not include wrongful death. (See, e.g., *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 269 [54 Cal.Rptr. 104, 419 P.2d 168].)

We need not consider the merits of Karen's contention at length for if it is legally correct it proves too much. Karen's argument misperceives the role "bodily injury" plays in the policy. The exclusionary language does not exclude "causes of action" for certain kinds of bodily injury leaving all other claims subject to coverage. Rather, the exclusionary language merely defines certain kinds of bodily injury that are excluded from the insuring clause. Pursuant to the insuring clause as relevant here, State Farm has duties only where a claim is made "for damages because of [covered] bodily injury." In the event Karen's wrongful death claim for damages is *not* made "because of bodily injury," as she contends, then there is simply no obligation under the insuring clause. That clause, as pertinent here, places no duty on the insurer to defend or indemnify against economic loss unless it is somehow caused by a covered bodily injury. On the other hand, if her wrongful death claim is "for damages because of bodily injury" to her or the children, that specie of bodily injury is expressly and conspicuously excluded from the insuring obligation. Either way, the policy failed to afford coverage for the wrongful deaths of the children.

Karen also argues the courts should refuse to enforce the applicable exclusion on the ground it violates public policy. However, the exclusion at issue

does not violate public policy. (*State Farm Fire & Cas. Co.* v. *Clendening* (1983) 150 Cal.App.3d 40, 43-44 [197 Cal.Rptr. 377]; see *Farmers Ins. Exchange* v. *Cocking* (1981) 29 Cal.3d 383, 387 [173 Cal.Rptr. 846, 628 P.2d 1]; *Schwalbe* v. *Jones* (1976) 16 Cal.3d 514, 521 [128 Cal.Rptr. 321, 546 P.2d 1033] and authorities cited therein.)

The trial court properly entered judgment for State Farm.

### Disposition

The judgment is affirmed.

Puglia, P. J., and Sparks, J., concurred.

A petition for a rehearing was denied June 2, 1987.