[No. C005719. Third Dist. Feb. 27, 1989.]

NN INVESTORS LIFE INSURANCE COMPANY, Petitioner, v. THE SUPERIOR COURT OF SHASTA COUNTY, Respondent; JOHN G. ATWELL et al., Real Parties in Interest.

**COUNSEL**

Victor R. Richardson, Arthur L. Morgan and Halkides & Morgan for Petitioner.

No appearance for Respondent.

Marc C. Barulich and Barr, Newlan & Sinclair for Real Parties in Interest.

OPINION

**EVANS, Acting P. J.**—In this proceeding, we review respondent superior court's order denying the motion for summary judgment or summary adjudication of issues brought by petitioner (defendant). The underlying action was commenced by real parties in interest (plaintiffs) after defendant rejected a claim for benefits under a health insurance policy. Defendant moved for summary judgment on the grounds that the action is barred by plaintiffs' failure to file their complaint within the time permitted by a provision of the policy, or by the applicable statute of limitations. The trial court denied the motion, finding the policy language relied upon by defendant is ambiguous as to when the contractual limitations period begins to run, and that when construed favorably to insured plaintiffs, their complaint was timely. It also rejected defendant's contention that the second cause of action is governed by the relevant statutory period of limitations rather than the policy. We perceive no such ambiguity and conclude defendant is entitled to judgment.

We first reiterate the familiar and oft stated standards governing our review in cases of this sort. ■ "The interpretation of an insurance policy, like any other contract, is a matter of law as to which a reviewing court must make its own independent determination." (*State Farm Fire & Casualty Co.* v. *Lewis* (1987) 191 Cal.App.3d 960, 963 [236 Cal.Rptr. 807].) Any doubts, uncertainties, or ambiguities in policy language must be resolved in favor of the insured. However, this principle of construction comes into play only if it is first determined that an ambiguity exists, which is also a question of law. (*Ibid.*) In analyzing a policy for uncertainties, the language used must be read in its ordinary sense, according it the meaning which would ordinarily be attached to it by a layman. A strained interpretation will not be applied in order to create an ambiguity. (*Ibid.*, and see *Reserve Insurance Co.* v. *Pisciotta* (1982) 30 Cal.3d 800, 807-808 [180 Cal.Rptr. 628, 640 P.2d 764].)

Defendant's motion for summary judgment presented discrete challenges to the two causes of action in plaintiffs' complaint. Defendant contends the first, which is clearly a claim for breach of contract, is barred by the policy's limitations period. As to the second count, we agree with defendant that the underlying legal theory is somewhat uncertain, and its allegations might be read as an attempt to plead either fraud or a tortious breach of the covenant of good faith and fair dealing. Regardless, it is defendant's position that the statutory limitations period rather than the contractual one is implicated, and the second cause of action is therefore barred by either the three-year statute which governs fraud actions, or the two-year limitation on claims for infringement of property rights which has been applied to bad faith

claims. (See Code Civ. Proc., §§ 338, subd. (d), 339, subd. 1; *Richardson* v. *Allstate Ins. Co.* (1981) 117 Cal.App.3d 8, 12-13 [172 Cal.Rptr. 423].)

We begin our analysis with a description of the relevant policy provisions and sequence of events. The claims process is commenced by the insured's filing a notice of claim within 20 days after the occurrence for which coverage is sought. Upon receipt of the claim, defendant is required to send its insured proof of loss forms "forthwith." The insured must then furnish a "Written proof of loss . . . to the Company [defendant] within ninety days after the date of the loss for which claim is made. Failure to furnish written proof of loss within that time will neither invalidate nor reduce any claim if it is shown that it was not reasonably possible to furnish written proof of loss within that time, provided such proof is furnished as soon as reasonably possible and in no event, in the absence of legal incapacity, later than one year from the time proof is otherwise required." Finally, the policy provides that "No action at law or in equity will be brought to recover on the Group Policy prior to the expiration of sixty days after proof of loss has been filed as required by the Group Policy, nor will any action be brought after expiration of three years after the time written proof of loss is required to be furnished."

In the present case, it is not disputed that the date of loss was November 4, 1982, when plaintiff Janice Atwell underwent surgery. The deadline for filing a proof of loss, which triggers the three-year contractual limitations period, would be either ninety days thereafter, i.e., February 4, 1983, or some later date, not beyond February 4, 1984, if circumstances prevented a timely filing. There is no claim by either side that such circumstances existed here. The complaint was actually filed on May 20, 1986. Defendant contends that the policy's three-year limit on the commencement of litigation expired on February 4, 1986, and that the complaint was therefore untimely.

Plaintiffs do not challenge the enforceability of the clause itself. "Such a provision has long been recognized as valid in California," provided the limitation is not unreasonably short. (*C & H Foods Co.* v. *Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1064 [211 Cal.Rptr. 765].) Rather, plaintiffs' theory is that the policy language requiring actions be filed within "three years after the time written proof of loss is required to be furnished," when read in conjunction with the provision which extends the last date upon which such proof may be submitted for up to "one year from the time proof is otherwise required," creates an ambiguity. Plaintiffs argue, and the trial court held, that these clauses are susceptible to being interpreted as meaning that the three-year period commences running ninety days *plus* one year after the date of loss. In other words, plaintiffs would have us construe the

policy to provide that in all cases, the three-year period does not begin until the last possible date upon which a proof of loss could be filed in any conceivable situation, rather than three years from the time when it was required to be filed in this particular case.

In our view, plaintiffs' analysis of the policy language constitutes the very type of strained interpretation aimed at creating an ambiguity which we are required to abjure. (*Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 912 [226 Cal.Rptr. 558, 718 P.2d 920]; *State Farm Fire & Casualty Co.* v. *Lewis, supra,* 191 Cal.App.3d at p. 963.) The plain meaning of the clauses at issue is that litigation must be commenced within three years after the date on which proof of loss is required to be filed. That date is normally 90 days after the loss. The only exception is when something prevents prompt filing of proof, in which case the time is extended for up to one additonal year. However, in the present case, plaintiffs presented no evidence that they were unable to file proof of loss within 90 days, and in fact they apparently did so. Accordingly, in the absence of grounds for an extension, the three years for bringing their action commenced on February 4, 1983, and expired on that day in 1986.

Thus, the complaint was untimely. Our resolution of this issue makes it unnecessary for us to resolve the parties' dispute over whether the contract limitation period applies to the second, tort cause of action. We note that there is authority for the proposition that policy provisions couched in language essentially identical to that in the present case do not apply to "bad faith" claims, because they are not actions "on the policy." (See *Frazier* v. *Metropolitan Life Ins. Co.* (1985) 169 Cal.App.3d 90, 103-104 [214 Cal.Rptr. 883]; *Murphy* v. *Allstate Ins. Co.* (1978) 83 Cal.App.3d 38, 48-49 [147 Cal.Rptr. 565]; but cf. *Lawrence* v. *Western Mutual Ins. Co.* (1988) 204 Cal.App.3d 565, 574-575 [251 Cal.Rptr. 319].) However, here it makes no difference whether the second cause of action is governed by the contract or the statute of limitations, since the relevant statutory periods are actually *shorter* than the one established by the policy. (See Code Civ. Proc., §§ 338, subd. (d) (three years), and 339, subd. 1; *Richardson* v. *Allstate Ins. Co., supra,* 117 Cal.App.3d at p. 12 (two years).) Plaintiffs' complaint was too late regardless of the standard applied.

■ Having given notice that we were contemplating the issuance of a writ of mandate in the first instance, we may dispense with an alternative writ and grant the requested relief forthwith. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing respondent superior court

vacate its order denying defendant's motion for summary judgment, and enter a new order granting that motion.

Sparks, J., and Marler, J., concurred.