Gerald WINTLEND, as Special Administrator for the Estate of Frances M. Wintlend, Leonard Nugen, Eddie Nugen, Sandra Rutherford, and Evelyn Maize, Respondents,

v.

Susan BAERTSCHI, Personal Representative of the Estate of Chester Duchow, deceased, and Vanguard Insurance Company, Appellants.

No. 71862.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 13, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 18, 1998.

Application to Transfer Denied April 21, 1998.

Robert H. Pedroli, Robert H. Pedroli & Associates, Clayton, for appellants.

Ross Harry Briggs, Pacific, for respondents.

Before GRIMM, P.J., and PUDLOWSKI, and GARY M. GAERTNER, JJ.

PER CURIAM.

Appellant, Vanguard Insurance Company ("insurer"), appeals from the judgment of the Circuit Court of the City of St. Louis in favor of respondents, Gerald Wintlend, as special administrator for the estate of Frances M. Wintlend, Leonard Nugen, Eddie Nugen, Sandra Rutherford, and Evelyn Maize (collectively "claimants"), on claimants' petition to collect insurance proceeds from insurer pursuant to a successful wrongful death action.

The following is a recitation of the underlying facts which are necessary for the resolution of the case: On May 10, 1988, Chester Duchow ("husband") murdered his wife, Doris Duchow ("wife"), and two minor sons ("children"), and then committed suicide in the family's home in Springfield, Missouri.[1] No other persons resided in the home.

Insurer had issued a homeowner's policy to husband and wife which provided liability insurance for damages because of bodily injury for which the insured was legally liable and which provided insurer would defend the insured against such claims. The policy specifically provided:

## SECTION II – LIABILITY COVERAGES

**COVERAGE E — Personal Liability**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable.

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability.

SECTION II — EXCLUSIONS

1. **Coverage E — Personal Liability and Coverage F—Medical Payments to Others** do not apply to **bodily injury or property damage:**

   a. which is expected or intended by the insured;

   \* \* \*

2. **Coverage E — Personal Liability,** does not apply to: ·

---

1. The respondents in this appeal are relatives of wife and children: Frances Wintlend, now deceased, is wife's mother and children's maternal grandmother; Leonard Nugen is wife's father and children's maternal grandfather; Eddie Nu-

gen, Sandra Rutherford, and Evelyn Maize are wife's brother and sisters, respectively, and children's maternal uncle and maternal aunts, respectively.

* * *

f. **bodily injury** to you or an **insured** within the meaning of part a. or b. of "**insured**" as defined.

DEFINITIONS

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household....

1. "**bodily injury**" means bodily harm, sickness or disease, including required care, loss of services and death that results.

* * *

3. "**insured**" means you and residents of your household who are:

a. your relatives; or

b. other persons under the age of 21 and in the care of any person named above.

* * *

5. "**occurrence**" means an accident, including exposure to conditions, which results, during the policy period, in:

a. **bodily injury**; or

b. **property damage.**

The policy was in effect on the date the murders and suicide occurred.

Following the deaths, claimants filed a wrongful death action against husband's estate pursuant to RSMo section 537.080 (1986).[2] In this action, claimants sought to recover damages suffered by reason of wife's and children's wrongful deaths. Claimants' third amended petition alleged, with respect to wife's death, claimants Leonard Nugen and Gerald Wintlend on behalf of Frances Wintlend suffered "damage in the form of [wife's] funeral expense, the reasonable value of her services and the loss of her consortium, loss of wages and salaries, companionship, comfort, instruction, guidance, counsel, training and support...." The petition alleged, with respect to children's deaths, each claimant suffered "damage in the form of [children's] funeral expenses, the reasonable

value of their services and for the loss of their consortium, companionship, comfort, instruction, guidance, counsel, training and support...." The attorney for husband's estate made demand upon insurer to provide a defense against the suit, which insurer denied under the terms of the policy. Ultimately, husband's estate and claimants settled the action, and the Circuit Court of Greene County entered a consent judgment in favor of claimants on their petition. Total damages were assessed at $200,000 for wife's death and $250,000 for each child's death.

Subsequently, on December 21, 1993, claimants filed the present action under RSMo section 379.200 (Cum.Supp.1992), seeking to collect insurance proceeds from insurer pursuant to the terms of the consent judgment. The trial court found in favor of claimants and insurer appeals.

■ Insurer raises eight points on appeal. In its first point, insurer claims the trial court erred in interpreting the insurance policy so as to allow claimants to recover, because a plain reading of the policy precludes coverage. As an initial point, we note it was insurer's burden to establish the exclusion barred coverage by a preponderance of the evidence. *Aetna Cas. and Sur. Co. v. Bollig,* 878 S.W.2d 837, 839 (Mo.App. S.D. 1994). If the insurance policy is unambiguous, as contended by insurer, we must enforce the contract as written. *Krombach v. Mayflower Ins. Co., Ltd.,* 827 S.W.2d 208, 210 (Mo.banc 1992). A court will not create an ambiguity in order to enforce a particular construction the court feels may be more appropriate under the circumstances. *Rodriguez v. General Acc. Ins. Co.,* 808 S.W.2d 379, 382 (Mo.banc 1991).

In its findings of fact, conclusions of law and judgment, the trial court found "said policy insures for liability because of 'bodily injury' which is defined by the insurance policy as including loss of services." The trial court concluded, because claimants were attempting to recover for "loss of services" due to wife's and children's wrongful deaths and because the insurance policy included "loss of services" language in the definition of

2. This action was filed in the Circuit Court of  Greene County.

"bodily injury," the claimants each suffered a bodily injury as defined by the policy. Because the policy only excluded coverage for bodily injury to an insured, defined as the named insureds and members of their household who are their relatives, claimants, although relatives of the insureds, were not residents of the household and therefore the household exclusion did not apply so as to bar their claims.

■ On appeal, claimants maintain the trial court properly interpreted the policy language. This interpretation, however, fails to give effect to the language "that results" at the end of the sentence defining "bodily injury." The term "bodily injury" was defined as "bodily harm, sickness or disease, *including* required care, loss of services and death *that results*." (emphasis ours). A plain reading of the policy reveals it provides coverage for bodily injury *including* a loss of services *that results* from bodily harm, sickness or disease. Here, while claimants arguably suffered a loss of services, their loss will only be covered if it resulted from bodily harm, sickness or disease covered by the policy. Claimants' losses derived solely from bodily harm suffered by wife and children, who were insureds under the policy. Because the policy excluded coverage for bodily harm, sickness or disease to any insured, it follows that damages derived from the insureds' harm, whether or not they are considered separate injuries, are also excluded.

That this is the proper interpretation becomes clear when the exclusion is read substituting the definition of bodily injury for the phrase itself. Read in this way, the exclusion would state: "**Coverage E—Personal Liability,** does not apply to [bodily harm, sickness, or disease, including required care, loss of services and death that results[,]] to you or an insured...." Read in a more grammatically correct fashion, the exclusion provides personal liability coverage does not apply to bodily harm, sickness or disease to an insured, including required care, loss of services and death that results from such injuries. Thus, it becomes clear claimants cannot recover for any loss of services that resulted from bodily harm to an insured. Because bodily harm, sickness or disease occurred only to insureds under the policy, all required care, loss of services and death that resulted were excluded from coverage. *See State Farm Fire and Cas. Co. v. Lewis,* 191 Cal.App.3d 960, 236 Cal.Rptr. 807, 809 (1987).

The cases cited by claimants do not change the outcome. The decisions concern the "each person" limit in automobile insurance policies where spouses or parents recovered loss of consortium damages where the other spouse or the child suffered an injury covered under the policy. *See Oliver v. Cameron Mut. Ins. Co.,* 866 S.W.2d 865, 870 (Mo. App. E.D.1993)(affirming wife's recovery for loss of consortium arising out of husband's injury in auto accident covered under uninsured motorist provision of their policy); *Anderson v. St. Paul Mercury Ins. Co.,* 792 S.W.2d 440, 441–42 (Mo.App. W.D.1990)(affirming wife's recovery for loss of consortium arising out of husband's injury in auto accident covered under other insured's automobile insurance policy); *Spaete v. Auto. Club Inter–Ins. Exchange,* 736 S.W.2d 480, 481 (Mo.App. E.D.1987)(affirming parents' recovery for individual claims arising out of son's injury in auto accident covered under other insured's automobile insurance policy). Accordingly, these decisions have little if any bearing on our decision, and, moreover, they are consistent with the result we reach.

Because the first issue is dispositive of insurer's appeal, we do not address the other points raised. Based on the foregoing, the judgment of the trial court is reversed, and judgment is entered in favor of insurer.