**Judy KENNEDY, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE, INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, Respondent,**

and

**Lilli Prelutsky, Respondent.**

No. 74537.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 2, 1999.

Marc Steven Wallis, St. Louis, for appellant.

Adrian Philipp Susler, Val Terschluse, St. Louis, for respondents.

Before PAUL J. SIMON, P.J.
KATHIANNE KNAUP CRANE, and
LAWRENCE E. MOONEY, JJ.

## MEMORANDUM DECISION

### PER CURIAM.

Judy Kennedy ("Plaintiff") sought equitable garnishment of two State Farm insurance policies after she received judgment on a claim for her father's death resulting from a car accident in which Plaintiff's mother was the driver. The trial court denied equitable garnishment on the ground that Plaintiff's claim was barred by the household exclusion clauses of the insurance policies, which essentially exclude from coverage any injury to an insured or any member of the insured's family residing in the insured's household. Plaintiff appeals. We affirm.

In this bench-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We find no such error in this case.

First, Plaintiff argues that the household exclusions are inapplicable, because Plaintiff does not reside in the insured's household and is not seeking damages for any bodily injury sustained by her father, but rather for the damages she incurred as a result of his death. These arguments have been specifically addressed and rejected in *State Farm Mut. Auto. Ins. Co. v. Ballmer*, 899 S.W.2d 523 (Mo. banc 1995); *American Motorists Ins. Co. v. Moore*, 970 S.W.2d 876 (Mo.App. E.D.1998) and *Wintlend v. Baertschi*, 963 S.W.2d 387 (Mo.App. E.D.1998). Plaintiff's mother, the driver of the car, is "an insured," and her husband, Plaintiff's father, is clearly a member of an insured's family residing in the insured's household. Therefore, regardless of who is making the claim, there is no coverage for the death of Plaintiff's father.

Second, Plaintiff argues that even if the household exclusion applies, she should receive the mandatory minimum limit of coverage of $25,000.00 required under the Motor Vehicle Financial Responsibility Law (MVFRL), Sections 303.010–303.370 RSMo. (1994), in partial satisfaction of her judgment. However, the MVFRL does not mandate additional coverage under an umbrella policy in excess of that required under an automobile liability policy. Furthermore, Plaintiff's father, during his life, recovered $25,000.00 under the automobile liability policy for the injuries he sustained in this accident, and Plaintiff's wrongful death claim is derivative of her father's claim. When the liability limits of an automobile insurance policy expressly apply to "bodily injury" to one person, that limitation is applicable to all damage claims, direct or derivative, flowing from such bodily injury. *Remspecher v. Jacobi*, 941 S.W.2d 701 (Mo.App. E.D.1997). Thus, Plaintiff is not entitled to recover an additional $25,000.00 under the MVFRL.

An opinion reciting the detailed facts and restating principles of law would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).