Robert BARROWS, Plaintiff-Appellant,†

v.

AMERICAN FAMILY INSURANCE CO.,
Defendant-Respondent,

Jason RENFROW and Bonnie LaValla, Defendants.

Court of Appeals

*No. 2013AP720. Submitted on briefs October 22, 2013.
—Decided December 10, 2013.*

2014 WI App 11

(Also reported in 842 N.W.2d 508.)

† Petition for Review dismissed January 10, 2014.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jonathan B. Lundeen* and *R. Michael Waterman* of *Mudge, Porter, Lundeen & Seguin, S.C.*, Hudson.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James R. Johnson* and *Leah L. Isakson* of *Lommen, Abdo, Cole, King & Stageberg, P.A.*, Hudson.

Before Hoover, P.J., Mangerson and Stark, JJ.

¶ 1. STARK, J. Robert Barrows appeals a summary judgment in favor of American Family Insurance Company. The circuit court concluded a homeowner's policy American Family issued to Jason Renfrow and Bonnie LaValla did not cover Barrows' claim for the wrongful death of Barrows' and LaValla's son, A.B. We agree with the circuit court that the intra-insured exclusion in American Family's policy bars coverage for Barrows' wrongful death claim. We therefore affirm.

## BACKGROUND

¶ 2. The following facts are undisputed. A.B. was the eleven-year-old son of Barrows and LaValla. He

resided with LaValla and Renfrow at Renfrow's home in Osceola, Wisconsin. On October 18, 2011, A.B. found a loaded .45–caliber handgun in Renfrow's nightstand. There is no evidence that the gun was secured with any kind of safety lock. A.B. shot himself in the head, and he died later that day. The Polk County Sheriff's Department classified A.B.'s death as a suicide.

¶ 3.　Barrows subsequently filed a wrongful death suit against Renfrow, LaValla, and their homeowner's insurer, American Family. The complaint alleged Renfrow negligently stored the handgun, which directly contributed to A.B.'s death. The complaint further alleged Barrows had suffered damages as a result of Renfrow's negligence and would continue to suffer future damages.

¶ 4.　American Family moved for summary judgment, arguing that both the intra-insured and intentional injury exclusions in its policy barred coverage for Barrows' claim. The circuit court agreed that both exclusions applied, and it therefore granted American Family summary judgment. Barrows now appeals.

## DISCUSSION

¶ 5.　We review a grant of summary judgment independently, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶ 6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).[1]

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

¶ 6. Interpretation of an insurance policy presents a question of law for our independent review. *American Family Mut. Ins. Co. v. American Girl, Inc.*, 2004 WI 2, ¶ 23, 268 Wis. 2d 16, 673 N.W.2d 65. Our aim in interpreting an insurance policy is to "determine and give effect to the intent of the contracting parties." *Id.* We construe a policy as it would be understood by a reasonable person in the position of the insured. *Id.* "However, we do not interpret insurance policies to provide coverage for risks that the insurer did not contemplate or underwrite and for which it has not received a premium." *Id.*

¶ 7. We employ a three-step process to determine whether an insurance policy provides coverage for a claim. First, we examine the facts of the claim to determine whether the policy's insuring agreement makes an initial grant of coverage. *Id.*, ¶ 24. If so, we next consider whether any of the policy's exclusions preclude coverage. *Id.* If a particular exclusion applies, we then determine whether any exception to that exclusion reinstates coverage. *Id.*

¶ 8. The insuring agreement in American Family's policy states, "**We will pay, up to our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy." In the circuit court, American Family never argued its policy did not make an initial grant of coverage for Barrows' claim. However, on appeal, American Family raises two arguments that Barrows' claim does not fall within the policy's initial grant of coverage: (1) Barrows did not suffer a bodily injury; and (2) Barrows' damages were not caused by an

occurrence. In response, Barrows argues American Family forfeited its right to raise these arguments by failing to raise them in the circuit court. Barrows also argues the policy provides an initial grant of coverage for his claim.

¶ 9. We need not resolve these issues because we conclude that, even if American Family's policy provides an initial grant of coverage for Barrows' claim, coverage is barred by the policy's intra-insured exclusion. An appellate court need not address every issue raised by the parties when one issue is dispositive. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983). We therefore assume, without deciding, that the policy makes an initial grant of coverage for Barrows' claim, and we proceed directly to a discussion of the intra-insured exclusion.

¶ 10. The intra-insured exclusion in American Family's policy states, "**We** will not cover **bodily injury** to any **insured**." The policy defines "bodily injury" as "bodily harm, sickness or disease. It includes resulting loss of services, required care and death." It is undisputed that A.B. qualifies as an "insured" under the policy, and Barrows does not. It is also undisputed that the injury to A.B. meets the policy's definition of "bodily injury." The disputed issue is whether Barrows' claim for damages caused by A.B.'s death constitutes a claim for "bodily injury" to an "insured," so that the intra-insured exclusion applies.

¶ 11. American Family argues the intra-insured exclusion applies to any claim arising out of bodily injury to an insured, even if the claim is brought by a non-insured. American Family points out that a wrongful death claim is a derivative claim, and, as such,

441

"Barrows would have no claim for wrongful death *but for* the bodily injury sustained by A.B."

¶ 12. Conversely, Barrows argues the intra-insured exclusion does not apply to his wrongful death claim because he is not seeking to recover damages for A.B.'s bodily injury. He argues that a wrongful death claim is separate and distinct from a claim for the decedent's bodily injury and compensates the wrongful death plaintiff for his or her own injuries. *See Day v. Allstate Indem. Co.*, 2011 WI 24, ¶ 62, 332 Wis. 2d 571, 798 N.W.2d 199 ("[W]rongful death beneficiaries seek recovery not for the injury suffered by the deceased, but rather 'for the loss sustained to the beneficiaries because of the death.' " (quoted source omitted)). Barrows therefore argues his wrongful death claim "seeks recovery for [Barrows'] injuries, not A.B.'s." He asserts the intra-insured exclusion does not apply to a claim made by a non-insured for his or her separate injuries caused by an insured's death.

¶ 13. Whether an intra-insured exclusion like the one in American Family's policy bars a non-insured's wrongful death claim arising from the death of an insured appears to be an issue of first impression in Wisconsin. In *Day*, our supreme court considered whether a differently worded "family exclusion" barred coverage for a non-insured's wrongful death claim arising from an insured's death. There, the exclusion stated, "We do not cover bodily injury to an insured person . . . whenever any benefit of this coverage would accrue directly or indirectly to an insured person." *Id.*, ¶ 11. The court determined two conditions had to be met for this exclusion to apply: "(1) the coverage sought is for bodily injury to an insured person; and (2) any benefit of coverage would accrue directly or indirectly to an insured person." *Id.*, ¶ 38. The court then noted it was

undisputed that the plaintiff's wrongful death claim arose out of bodily injury to an insured. *Id.*, ¶ 39 n.9. However, the court explained:

> The parties do not brief or argue whether claims that arise out of bodily injury to an insured fit within the exclusion's first condition [i.e., bodily injury to an insured person]. Accordingly, we do not determine whether the first condition is met, and like the parties, we focus our examination on the exclusion's second condition.

*Id.* Thus, the *Day* court focused exclusively on whether any benefit of coverage would accrue directly or indirectly to an insured person. It specifically declined to address the operative issue in this case—that is, whether a non-insured's wrongful death claim arising out of an insured's bodily injury constitutes a claim for bodily injury to an insured and therefore is barred from coverage under the intra-insured policy exclusion.

¶ 14. American Family cites several cases for the proposition that Wisconsin's wrongful death statute "provides for recovery only in cases where the injured party, if he had survived, would have been entitled to recover against the person who caused the wrongful act." *See, e.g., Ruppa v. American States Ins. Co.*, 91 Wis. 2d 628, 646–47, 284 N.W.2d 318 (1979). Based on these cases, American Family argues that "Barrows' recovery on his claim against Renfrow and LaValla for A.B.'s alleged wrongful death is limited to the recovery A.B. would have been entitled to recover from Renfrow and LaValla had A.B. survived." However, the issue in this case is not whether Barrows can recover against Renfrow and LaValla, or whether he has a separate and distinct claim arising out of A.B.'s death. The issue is whether American Family must provide coverage for Barrows' claim. None of the cases American Family

443

cites address whether an intra-insured exclusion like the one in American Family's policy applies to a non-insured's claim for an insured's wrongful death.

¶ 15. Because this is an issue of first impression, we look to cases from other jurisdictions for guidance. Courts in the majority of jurisdictions that have addressed this issue have concluded that intra-insured exclusions similar to the one in American Family's policy exclude coverage for wrongful death claims arising from the death of an insured, even if the claimant is a non-insured.

¶ 16. For instance, in *Cincinnati Indemnity Co. v. Martin*, 710 N.E.2d 677, 677 (Ohio 1999), six-year-old Michael Martin was shot and killed by his eight-year-old brother while they were playing with a rifle in the home where they lived with their mother. The boys' parents were divorced, and their father brought a wrongful death action against their mother. *Id.* The parties stipulated that both boys were insureds under the mother's homeowner's policy, but the father was not an insured. *Id.* at 678. The policy provided the insurer would pay damages arising out of "bodily injury," but it excluded coverage for bodily injury "to you or an **insured**[.]" *Id.* at 678–79. The policy's definition of bodily injury stated, " '**[B]odily injury**' means bodily harm, sickness or disease. Your coverage includes required care, loss of services and death resulting from **bodily injury**." *Id.* at 678.

¶ 17. The Ohio Supreme Court concluded the policy's intra-insured exclusion unambiguously excluded coverage for the father's wrongful death claim. The court reasoned that, even though the father was not an insured, his claim arose solely from bodily injuries to an insured. *Id.* at 680. The court explained:

444

> The policy's definition of "bodily injury" is clear. It means "bodily harm, sickness or disease." Coverage includes "required care, loss of services and death resulting from **bodily injury**." Thus, under the terms of the policy, appellant has not suffered his own bodily injury. Instead, any injury to appellant arose solely from the bodily injury his insured son sustained.

*Id.* at 679–80. The court rejected the father's argument that the exclusion did not apply because he "suffered his own injury as a wrongful death beneficiary." *Id.* at 679. The court stated:

> By focusing on his independent right to bring a wrongful death claim, and in ignoring the plain language of the policy, which excludes liability coverage for bodily injury to an insured, including claims resulting from his death, appellant has lost sight of the relevant issue at hand, *i.e.,* whether there is policy coverage that would trigger [the insurer's] duty to indemnify and/or defend the insured in the wrongful death lawsuit. Even though appellant may pursue an independent wrongful death claim . . . this does not mean that he can create liability coverage where there is none.

*Id.* at 680.

¶ 18. The Missouri Court of Appeals reached the same result in *Wintlend v. Baertschi*, 963 S.W.2d 387 (Mo. Ct. App. 1998). There, a husband murdered his wife and their two children before killing himself. *Id.* at 388. Relatives of the wife and children brought wrongful death claims against the husband's estate. *Id.* at 389. A homeowner's policy issued to the husband and wife excluded coverage for bodily injury "to you or an **insured**[.]" *Id.* The policy defined bodily injury as "bodily harm, sickness or disease, including required care, loss of services and death that results." *Id.*

¶ 19. The court of appeals ruled that the intra-insured exclusion barred coverage for the relatives' wrongful death claims. It reasoned:

> A plain reading of the policy reveals it provides cover-age for bodily injury *including* a loss of services *that results* from bodily harm, sickness or disease. Here, while claimants arguably suffered a loss of services, their loss will only be covered if it resulted from bodily harm, sickness or disease covered by the policy. Claim-ants' losses derived solely from bodily harm suffered by wife and children, who were insureds under the policy. Because the policy excluded coverage for bodily harm, sickness or disease to any insured, it follows that damages derived from the insureds' harm, whether or not they are considered separate injuries, are also excluded.

*Id.* at 390. The court further observed that, when the definition of bodily injury was inserted into the intra-insured exclusion, the exclusion stated the insurer would not cover " '[bodily harm, sickness, or disease, including required care, loss of services and death that results[,]] to you or an insured . . . .' " *Id.* (brackets in *Wintlend*). The court explained, "Read in a more gram-matically correct fashion, the exclusion provides per-sonal liability coverage does not apply to bodily harm, sickness or disease to an insured, including required care, loss of services and death that results from such injuries." *Id.* The court therefore ruled the exclusion unambiguously barred coverage for any loss of services that resulted from bodily harm to an insured. *Id.*

¶ 20. In a subsequent case with similar facts, the Missouri Court of Appeals further explained:

> Regardless of who is pursuing the claim(s) and who is seeking coverage under the policy, the significant ques-tion is: does the person who was bodily harmed, sick

446

or diseased, resulting in required care, loss of services or death, fall within the policy's definition of "insured"? If so, then [the intra-insured exclusion] disallows personal liability coverage for the claim(s).

*American Motorists Ins. Co. v. Moore*, 970 S.W.2d 876, 879 (Mo. Ct. App. 1998).

¶ 21. The United States District Court for the Eastern District of Missouri has applied the rule set forth in *Wintlend* and *Moore* in a case involving similar facts and policy language. *See St. Paul Fire & Marine Ins. Co. v. Warren*, 87 F. Supp. 2d 904, 911 (E.D. Mo. 1999). Courts in other jurisdictions have also reached the same result. *See, e.g., Benner v. Nationwide Mut. Ins. Co.*, 93 F.3d 1228, 1240–41 (4th Cir. 1996); *Costello v. Nationwide Mut. Ins. Co.*, 795 A.2d 151, 156–59 (Md. Ct. Spec. App. 2002); *Nationwide Mut. Fire Ins. Co. v. Mazzarino*, 766 So. 2d 446, 448 (Fla. Ct. App. 2000); *State Farm Fire & Cas. Co. v. Lewis*, 236 Cal. Rptr. 807, 809 (Cal. Ct. App. 1987); *see also American Family Mut. Ins. Co. v. Coleman*, No. 09–cv–523–JPG, 2010 WL 1654457, at *3 (S.D. Ill. Apr. 22, 2010); *Grise v. State Farm Fire & Cas. Co.*, No. C3–95–448, 1995 WL 479665, at *1–2 (Minn. Ct. App. Aug. 15, 1995); *Estate of Courtney v. Dryden Mut. Ins. Co.*, 971 N.Y.S.2d 695, 697 (N.Y. Sup. 2013).

¶ 22. Consistent with these cases, Couch on Insurance, a prominent insurance law treatise, states:

The identity of the person pursuing the claim against the insured is irrelevant to the determination of whether an exclusion precluding coverage for injuries to relatives or other household members applies in particular circumstances. Instead, irregardless [sic] of who is pursuing the claim, the focus of any inquiry in such a determination is on whether the person suffering the bodily injury is a relative, member of the

447

household, or otherwise falls within the policy's definition of an insured. Accordingly, an exclusion precluding coverage for injuries to relatives or other household members can apply to actions brought by the estate of a deceased family member against either a living family member or against the estate of a deceased family member. *Likewise, the exclusion applies to preclude coverage for an insured in a wrongful death lawsuit brought by a noninsured person based on the death of an insured.*

9A STEVEN PLITT ET AL., COUCH ON INSURANCE § 128:5 (3d ed. 2013) (emphasis added; footnotes omitted).

¶ 23. We have found only one decision that reached a contrary result. In *Walker v. State Farm Mutual Automobile Insurance*, 850 So. 2d 882, 884 (La. Ct. App. 2003), Frank Walker's adult children brought a wrongful death action against Walker's second wife after her negligent driving caused Walker's death. State Farm Fire and Casualty Company had issued Walker and his wife a personal liability umbrella policy. *Id.* at 884–85. The policy excluded coverage "[f]or bodily injury or personal injury to the named insured[.]" *Id.* at 885.

¶ 24. The Louisiana Court of Appeals concluded the umbrella policy did not exclude coverage for the adult children's wrongful death claim because the adult children were not insureds, and their wrongful death claim was not derivative of their father's claim. The court reasoned:

The wrongful death action is not a derivative cause of action. Rather, the wrongful death action is an independent and distinct action that arises even in the absence of a viable personal injury action by the direct tort victim and compensates the beneficiaries for their own individual injury arising out of the victim's death.

*Id.* at 890. The court also noted that State Farm's policy excluded coverage for "injury to the named insured." *Id.* at 891. The court refused to interpret this language "to exclude coverage for claims *in connection with* injury to the named insured[,]" observing that the words "in connection with" did not appear in the policy. *Id.*

¶ 25. *Walker* represents the minority rule. It has not been cited by any court outside Louisiana for the proposition that an intra-insured exclusion does not apply to a non-insured's wrongful death claim arising out of an insured's death. Moreover, the *Walker* court relied on the fact that a wrongful death action is not a derivative claim because it arises "even in the absence of a viable personal injury action by the direct tort victim[.]" *Id.* at 890. That is not the law in Wisconsin. *See Ruppa*, 91 Wis. 2d at 646 ("One is liable to the plaintiff in [a wrongful death] action . . . only if and to the extent that he would have been liable to the decedent had death not ensued.").

¶ 26. We therefore decline to follow *Walker*. We instead follow the majority rule that an intra-insured exclusion like the one in American Family's policy bars coverage for a wrongful death claim arising out of an insured's death, even if the claimant is a non-insured.

¶ 27. We are persuaded by the Ohio Supreme Court's reasoning in *Martin* and the Missouri Court of Appeals' reasoning in *Wintlend*. Similar to the policies in those cases, American Family's policy excludes coverage for "bodily injury" to an insured, and it defines bodily injury as "bodily harm, sickness or disease" including "resulting loss of services, required care and death." Under this definition, "bodily injury" plainly includes any loss of services resulting from bodily harm to the injured person. If we insert the definition of "bodily injury" into the intra-insured

449

exclusion, the exclusion reads, "We will not cover [bodily harm, sickness or disease[,] . . . includ[ing] resulting loss of services, required care and death[,]] to any insured." We agree with the *Wintlend* court that this language unambiguously means the insurer will not cover "bodily harm, sickness or disease to an insured, including required care, loss of services and death that results from such injuries." *See Wintlend*, 963 S.W.2d at 390.

¶ 28. A claim for loss of services will always be a derivative claim—in other words, it will always be brought by someone other than the injured person. *See* BLACK'S LAW DICTIONARY 475 (8th ed. 2004) (defining "derivative action" as "[a] lawsuit arising from an injury to another person"). Accordingly, by excluding coverage for bodily injury to an insured, and by stating that bodily injury includes resulting loss of services, American Family's policy clearly contemplates exclusion of claims derived from the insured's bodily injury. We therefore agree with the *Wintlend* court that, logically, "[b]ecause the policy exclude[s] coverage for bodily harm, sickness or disease to any insured, it follows that damages derived from the insured['s] harm, whether or not they are considered separate injuries, are also excluded." *See Wintlend*, 963 S.W.2d at 390. Barrows concedes his wrongful death claim is a claim for loss of services resulting from A.B.'s death. Any injury he sustained arose solely from bodily injury to A.B. Under the plain language of the policy, Barrows' claim is therefore excluded from coverage. *See Martin*, 710 N.E.2d at 680.

¶ 29. Barrows does not argue that any exception to the intra-insured exclusion reinstates coverage. Accordingly, American Family's policy does not cover

Barrows' claim, and the circuit court properly granted American Family's motion for summary judgment.[2]

*By the Court.*—Judgment affirmed.

[2] Because we conclude the intra-insured exclusion bars coverage for Barrows' claim, we need not address American Family's alternative argument that the intentional injury exclusion applies. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).