COURT OF APPEALS
DECISION
DATED AND FILED

May 25, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP1706**

STATE OF WISCONSIN

Cir. Ct. No.  2020CV270

IN COURT OF APPEALS
DISTRICT II

CARI ULLRICH, BETTE MCINTOSH, DANIEL MCINTOSH, RICH MOSBACHER, AMY REILLY, STEVEN REILLY, SHEENA CONNERS, DOUG CONNERS, KATHY SPRINGMEIER, SCOTT SPRINGMEIER, LIZA DEWITT, DAVID DEWITT, ALEXANDREA VYSOTSKI, SIARHEI VYSOTKI, SUSAN DERHAAG, GREG DERHAAG, JOSEPH BACHMAN AND PETER ULLRICH, JR.,

   PLAINTIFFS-APPELLANTS,

JENNIFER DEBRUIN, JOHN DEBRUIN AND CLAIRE GEALL SUTTON,

   PLAINTIFFS,

 V.

CITY OF NEENAH,

   DEFENDANT-RESPONDENT.

APPEAL from orders of the circuit court for Winnebago County: KAREN L. SEIFERT, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  The appellants appeal from orders of the circuit court denying their motion for summary judgment and granting the City of Neenah's motion for summary judgment.  The court concluded that the City could construct a multimodal trail (trail)[1] adjacent to Lakeshore Avenue because it constitutes a sidewalk authorized by WIS. STAT. § 66.0907 (2019-20).[2]  Because we agree, we affirm.

¶2    Our review of a circuit court's decision on summary judgment is de novo.  *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶11, 318 Wis. 2d 622, 768 N.W.2d 568.  Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Id.*

¶3    While there are different nuances to this case, the determinative issue on appeal is whether the trail constitutes a "sidewalk."[3]  In brief, if it is a

---

[1]  Subsequent to the circuit court's decision, the City completed construction of the trail. The record indicates that the parties have referred to the trail as a "trail," a "path," and a "sidewalk."

[2]  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3]  The parties spar over other issues as well, including who owns the land on which the trail runs.  Because the WIS. STAT. § 66.0907 issue is dispositive of this appeal, we need not address the other issues.  *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

sidewalk authorized by WIS. STAT. § 66.0907, the City prevails. We conclude that it is a sidewalk.

¶4 WISCONSIN STAT. § 66.0907(1) provides that

> [s]treets shall provide a right-of-way for vehicular traffic and, where the council requires, a sidewalk on either or both sides of the street. The sidewalk shall be for the use of persons on foot, and no person may encumber the sidewalk with boxes or other material. The sidewalk shall be kept clear for the use of persons on foot.

Paragraph (3)(a) provides in relevant part that a city council may "determine where sidewalks shall be constructed and establish the width, determine the material and prescribe the method of construction of standard sidewalks. The standard may be different for different streets." Sec. 66.0907(3)(a).

¶5 Appellants assert that the trail is not a "sidewalk" because it is "entirely independent of any highway, road, or street" and does not "necessarily support[] an adjacent road." They suggest that the trail is not "anchored to [Lakeshore Avenue] to provide for foot traffic in support of the street's purpose of providing for vehicular traffic," and they repeatedly state that the trail is "unrelated" to the street. The briefing and record belie this representation.

¶6 As the appellants describe it in their briefing, Lakeshore Avenue is "a single lane, one-way road, used for automobiles and other vehicles," which, prior to the construction of the trail, also was used for bicycle and pedestrian traffic. At the summary judgment hearing, appellants acknowledged that the "goal" of the trail is "to get pedestrians and bike traffic up to Kimberly Point Park." Also at that hearing, the City expressed without challenge that the trail was proposed "both for safety reasons [and] for enjoyment of the public." The City further stated that

[t]he reason for [the reconstruction of] the road and [construction of] the trail is because as is shown on our traffic study … there are thousands of people who use Lakeshore Avenue to walk just to look at the lake, to walk to get to Kimberly Point Park, who use it on a regular basis. It is probably the most frequently traveled street by pedestrians and bicycles in the city ….

¶7      A plat map in the record shows that the trail runs adjacent to Lakeshore Avenue all the way from Wisconsin Avenue to Kimberly Point Park. The record indicates that the trail is eight feet wide, set off five to seven feet from the edge of the roadway, and, like many sidewalks, made of concrete. It weaves a few additional feet from the road at times in order to go around, and thus preserve, some trees and then returns to track parallel to the roadway up to the park. In his affidavit, the public works director for the City averred that he "oversaw the development of the Lake Shore Avenue reconstruction and sidewalk/trail projects" and that "[t]he project design sought to achieve three goals: first, replace obsolete and deteriorated utilities and pavement; second, enhance the safety of pedestrians and bicyclists using Lake Shore Avenue; and third … minimize the impact on the environment."

¶8      Webster's Third New International Dictionary defines a "sidewalk" as simply "a walk for foot passengers usu. at the side of a street or roadway: a foot pavement." *Sidewalk*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (unabr. 1993). The trail here certainly fits this definition. The trail provides a safer means—safer than using the road itself—for pedestrians, bicyclists, and others to get to Kimberly Point Park. No doubt the trail also improves safety for

4

motorists as well as they no longer need to share Lakeshore Avenue with nonmotorists.[4]

¶9     WISCONSIN STAT. § 66.0907(1) states that streets "shall provide a right-of-way for vehicular traffic and, where the council provides, a sidewalk on either or both sides of the street." The statutorily identified purpose for such a sidewalk is "for the use of persons on foot," although the statute gives no indication that cities must prohibit bicyclists, skateboarders, and others from also using such sidewalks. *See id.* Subsection (3)(a) provides that a city council may determine "where sidewalks shall be constructed," "establish the width" of sidewalks, "determine the material," and "prescribe the method of construction." Sec. 66.0907(3)(a). Here, the City council did exactly this, and thus, we find no error in the circuit court's ruling denying the appellants' motion for summary judgment and granting the City's on the basis that the trail is a sidewalk authorized by § 66.0907.

> *By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] The circuit court concluded that "[t]he City's plan as approved" would allow more residents to safely travel this area "by car, by bike, [and] by foot."