FITZPATRICK, J.[1]
¶1 The County of Green appeals an order of the Green County Circuit Court granting Joey Barnes's request to dismiss both a citation for operating while under the influence of an intoxicant as a first offense, in violation of WIS. STAT. § 346.63(1)(a) (which I will sometimes refer to as the "OWI citation"); and a citation for operating with a prohibited alcohol concentration as a first offense, in violation of § 346.63(1)(b) (which I will sometimes refer to as the "BAC citation"). The circuit court concluded that certain, but not all, evidence against Barnes gathered by the responding deputies must be suppressed. The circuit court then dismissed both citations over the County's objection. Without deciding whether suppression of that evidence was warranted, I conclude that the circuit court erred in dismissing the OWI citation. Accordingly, I reverse and remand so that the County may proceed to trial on the OWI citation without the suppressed evidence.
BACKGROUND
¶2 The following undisputed facts are gleaned from the record. I recite only those facts necessary to place in proper context the County's argument that the circuit court erred by dismissing the OWI citation.
¶3 In July 2017, Barnes was involved in a single-car accident near an S-curve on Highway 69 in Green County. Deputies responded to the scene and questioned Barnes. At the time, Barnes told the deputies he probably had four drinks before the accident and was coming from a bowling alley/bar where he was served those drinks. Also according to the deputies, Barnes provided them with no explanation of how the accident occurred, other than that he lost control of the vehicle. Barnes was later transported to the Monroe Clinic Emergency Room in an ambulance.
¶4 Pertinent to this appeal, in the emergency room a deputy questioned Barnes and performed a horizontal gaze nystagmus (HGN) test. A deputy then issued to Barnes a citation for operating while under the influence of an intoxicant, and a blood draw was taken. According to the test results, Barnes's blood alcohol concentration was 0.14%. At a later date, the County also issued Barnes the BAC citation.
¶5 Barnes filed a motion to suppress all evidence which was gathered after his admission to the emergency room. The circuit court ordered the suppression of evidence gathered within the emergency room, including the blood draw results, based on the circuit court's determination that such evidence was obtained by law enforcement in violation of Barnes's constitutional rights. The County informed the circuit court that it may proceed to trial based on the evidence not suppressed, but the circuit court entered an order dismissing both the OWI and BAC citations. The County appeals.
DISCUSSION
¶6 The County argues that the circuit court erred by dismissing the OWI citation because, even if the circuit court was correct about the violation of Barnes's constitutional rights, the appropriate remedy in these particular circumstances is suppression of certain evidence rather than dismissal of the OWI citation.[2] In this court, however, Barnes does not respond to the County's argument that the only appropriate remedy regarding the OWI citation is suppression of some evidence rather than dismissal. At most, Barnes states that "[o]nce evidence was suppressed, the Circuit Court correctly dismissed the County's case against [ ] Barnes." Barnes's statement makes a leap from suppression to dismissal without any explanation or citation to authority and does not amount to a developed argument. Barnes has, therefore, conceded the County's argument by failing to refute it in any meaningful way. See State v. Baldwin , 2010 WI App 162, ¶47, 330 Wis. 2d 500, 794 N.W.2d 769 (court of appeals need not consider unsupported arguments); see also Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments are deemed conceded).
¶7 Moreover, any argument Barnes may have made on this issue would fail. Precise evidence of a defendant's blood alcohol concentration is not an essential element required to find that Barnes violated WIS. STAT. § 346.63(1)(a) (the statutory basis for the OWI citation). See, e.g. , WIS JI-CRIMINAL 2663B. Even without the suppressed evidence, the record shows that the County could prevail on the OWI citation. As well, the citation is for a civil forfeiture, and the applicable burden of proof is not beyond a reasonable doubt. See id. (applicable burden of proof is "clear, satisfactory, and convincing" evidence of essential elements). So, even without the benefit of the suppressed evidence, the County must have the opportunity to try the OWI citation as it requests.
¶8 It is true that a required element of proof for the BAC citation is the defendant's "alcohol concentration" in their breath or blood. See, e.g. , WIS JI-CRIMINAL 2668. However, that does not require that the suppression of evidence issues be reviewed at this time. OWI and BAC charges are unique because, pursuant to WIS. STAT. § 346.63(1)(c) ("there shall be a single conviction for purposes of sentencing"), Barnes cannot be sentenced for violating both § 346.63(1)(a) and (b). Therefore, if the County prevails at trial on the OWI citation without the suppressed evidence, the suppression issues are moot because, in that circumstance, the County will never need the suppressed evidence for a trial. Because I conclude that the circuit court erred in dismissing both citations rather than giving the County an opportunity to try the OWI citation without the suppressed evidence, I do not consider or discuss whether the circuit court's suppression decision should be affirmed. Barrows v. American Family Ins. Co. , 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive."); see also Sweet v. Berge , 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983). The parties may address those issues in the event of a subsequent appeal to this court.
CONCLUSION
¶9 For the foregoing reasons, the order of the circuit court that dismissed the OWI citation is reversed, and this matter is remanded for further proceedings consistent with this opinion.
By the Court .-Order reversed and cause remanded.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(c) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The County does not concede that any evidence was obtained in violation of Barnes's constitutional rights, and I do not decide that issue. Instead, the County simply asserts that the appropriate remedy is, at most, suppression rather than dismissal.