# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 2, 2020

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP965**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CV40

**IN COURT OF APPEALS**
**DISTRICT IV**

---

CITY OF FORT ATKINSON,

   PLAINTIFF-RESPONDENT,

V.

KATIE J. PROVENZANO,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Jefferson County: BENNETT J. BRANTMEIER, Judge. *Affirmed*.

¶1   NASHOLD, J.[1]   Katie Provenzano appeals a judgment of conviction for operating a motor vehicle with a prohibited alcohol concentration. Provenzano

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

argues that her judgment of conviction should be vacated and a new trial granted on the ground that she was denied her right to peremptory strikes under WIS. STAT. § 345.43(3). I affirm.

## BACKGROUND

¶2 Katie Provenzano was issued citations from the City of Fort Atkinson for failure to obey a traffic sign, operating while intoxicated, and operating with a prohibited alcohol concentration. After a bench trial in municipal court, Provenzano was found guilty of failure to obey a traffic sign and operating with a prohibited alcohol concentration. Provenzano appealed the municipal court judgment and filed a timely demand for a jury trial on only the prohibited alcohol concentration charge. A jury trial was held in circuit court on May 1, 2019.

¶3 The only issue in this case arises from the circuit court's decision related to jury selection. Jury selection occurred the day before trial. The clerk of court had prepared a jury panel list of 16 potential jurors. Each side exercised five strikes. As a result, exactly six jurors remained, which is the number required for a trial by jury pursuant to WIS. STAT. § 345.43.

¶4 On the day of trial and prior to the parties exercising their for-cause strikes, the parties received a new list consisting of six alternate jurors, none of whom were originally listed in the venire. Before the jury was empaneled, Provenzano objected to seating any jurors on the panel from the new list of six alternates because the parties did not have an opportunity to exercise their peremptory strikes with respect to anyone on the new list, which Provenzano argued was in violation of WIS. STAT. § 345.43. As a possible remedy, Provenzano suggested calling all 12 of the jurors—the six remaining from the original list and the six from the new list—and permitting each side to strike three

2

people. The City took no position on Provenzano's objection. After reading the statute aloud, the circuit court overruled Provenzano's objection without significant explanation.

¶5 The circuit court then called the jury panel into the courtroom. Following questioning by the circuit court, the court excused one of the original six jurors for health reasons. An alternate from the new list, A.D., was substituted in. The parties then asked questions related to for-cause strikes. Other than the juror who the court excused for health reasons, no jurors were struck for cause.

¶6 The jury that sat on the case consisted of five of the six jurors from the original jury panel list, against whom the parties were allowed to exercise their peremptory strikes pursuant to WIS. STAT. § 345.43(3). The sixth juror, A.D., was an alternate against whom the parties were not allowed to exercise peremptory strikes.

¶7 The jury found Provenzano guilty of operating a motor vehicle with a prohibited alcohol concentration. Provenzano appeals.

**DISCUSSION**

¶8 Provenzano argues that, as a result of A.D. being empaneled on the jury panel, she was denied her right to peremptory strikes under WIS. STAT. § 345.43(3)(b). This provision states:

> If a timely demand for a jury is made, the judge shall direct the clerk of the court to select at random from the prospective juror list the names of a sufficient number of prospective jurors, from which list either party may strike 5 names. If either party neglects to strike out names, the clerk shall strike out names for the party. The judge shall permit voir dire examinations and challenges for cause. The clerk shall summon a sufficient number of

> persons whose names are not struck out, to appear at the time and place named in the summons.

WIS. STAT. § 345.43(3)(b). Under Provenzano's view of this statute, the phrase "a sufficient number of prospective jurors" for purposes of the clerk of court's initial list means enough prospective jurors to accommodate not only the initial ten peremptory strikes but also any strikes for cause, so that the jury ultimately empaneled consists of jurors who were included on the initial list.[2] Provenzano argues that the court's interpretation leads to absurd results and renders the statutory right to peremptory strikes meaningless. According to Provenzano, under the court's rationale, the jury empaneled could contain none of the original jurors on the list, thereby depriving the parties of their statutory right to peremptory strikes with regard to any of the empaneled jurors.

¶9      In response, the City makes two arguments. First, it contends that the court complied with WIS. STAT. § 345.43(3)(b). The City states that Provenzano was granted her right to peremptorily strike five prospective jurors and that the statute does not require that the list used for empaneling the jury be the same list against which the parties exercised their peremptory strikes. Second, the City argues that any error was harmless under WIS. STAT. § 805.18, which provides, in relevant part:

> **(2)** No judgment shall be reversed or set aside or new trial granted in any action or proceeding on the ground of selection … of the jury ... unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of

---

[2] During Provenzano's counsel's argument in support of his objection, counsel noted that, in other counties in which he practiced, the initial list of prospective jurors was never less than 22 people so that "they always had an extra six." In response, the circuit court noted that the procedure used in Provenzano's case was the procedure used previously by the court.

4

the party seeking to reverse or set aside the judgment, or to secure a new trial.

See also **State v. Coble**, 100 Wis. 2d 179, 209-10, 215, 301 N.W.2d 221 (1981) (applying a harmless error analysis under § 805.18(2) in examining Milwaukee County's process of compiling juror lists).

¶10     In the instant case, the record does not show that Provenzano's "substantial rights" were affected by her inability to exercise a peremptory strike against A.D.  Provenzano does not argue that, had A.D. been on the original list of prospective jurors, she would have exercised a peremptory strike against A.D. rather than against another prospective juror.  Nor does the record indicate a reasonable probability that, had A.D. been on the original list of prospective jurors, the result of the trial would have been different.  Based on the foregoing, Provenzano has failed to establish that a new trial is warranted.

¶11     Because I conclude that Provenzano's substantial rights were not affected, I affirm her judgment of conviction on that basis, and need not decide whether a violation of WIS. STAT. § 345.43 occurred.[3]

## CONCLUSION

¶12     For the reasons stated, the judgment of conviction is affirmed.

---

[3] See **Barrows v. American Family Ins. Co.**, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.