# COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 31, 2022

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2021AP1755-CR**
**2021AP1758-CR**
**STATE OF WISCONSIN**

**Cir. Ct. Nos. 2013CM531**
**2014CM149**

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

MICHAEL LEE MUEHL,

    DEFENDANT-RESPONDENT.

---

APPEALS from judgments and an order of the circuit court for Waushara County: GUY D. DUTCHER, Judge. *Affirmed*.

¶1 GRAHAM, J.[1] Michael Muehl appeals judgments of conviction after revocation and an order denying his motion for sentence modification. He

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version.

argues that his sentence should be modified based on the existence of a new factor. I disagree and affirm the circuit court.

## BACKGROUND

¶2      Muehl was convicted of misdemeanor battery and misdemeanor bail jumping in 2014. The circuit court placed Muehl on probation for two years, to be served consecutively to any other sentence. Then, while he was serving his probation in 2020, Muehl was arrested and charged with multiple new offenses, including possession of methamphetamine and drug paraphernalia, driving without a valid license, and violating bond conditions.

¶3      The Department of Corrections (the DOC) revoked Muehl's probation as a result of the new charges. The DOC recommended that Muehl be sentenced to nine months in jail, and it represented that Muehl was eligible for the challenge incarceration program and the substance abuse program.[2] In this opinion, I occasionally refer to these programs collectively as the "early release programs."

¶4      The circuit court held Muehl's sentencing after revocation hearing in March 2021. At the hearing, the State argued that the DOC's recommendation failed to account for Muehl's extensive criminal history and depreciated the seriousness of the 2014 battery charge. The State recommended 18 months of

---

[2] The challenge incarceration program provides counseling, treatment, exercise, and education, *see generally* WIS. STAT. § 302.045, and the substance abuse program provides treatment, *see generally* WIS. STAT. § 302.05. The circuit court must declare a defendant eligible for these programs at sentencing. *See* §§ 302.045(2)(cm) and 302.05(3)(a)2. Upon successful completion in these programs, a participant may be eligible for early release to extended supervision.

initial confinement and six months of extended supervision. Muehl's attorney asked for time served, noting that Muehl had already been in custody for 167 days in connection with the charges.

¶5     In its sentencing remarks, the circuit court discussed Muehl's character and rehabilitative needs, the severity of the offense, and the need to protect the public. It first discussed Muehl's criminal record, describing it as "incredible, in a negative way." The court explained that Muehl had "criminal convictions that are approaching 25 in number," including "violence-oriented types of crimes," "multiple offenses involving battery, offenses involving sexual misconduct," and a "number of crimes related to bail jumping, and an unwillingness to follow rules." It acknowledged that Muehl's offenses were "dated, in large part," and that he had not committed "many violent offenses in the recent past," but it stated that "the principal reason for that" was Muehl's lengthy periods of incarceration.

¶6     The circuit court then noted that Muehl has an "obvious substance abuse issue" and "pronounced rehabilitative needs." It emphasized that it was not sentencing Muehl for the "events that led to his revocation," but noted that, despite being extended an alternative to revocation, "you still struggled with the addiction that is obviously in the picture here to the point where you incurred additional criminal charges, and you also have found yourself facing the sentencing that we are now here to talk about."

¶7     The circuit court then turned to severity of the offenses, and in particular, the 2014 battery charge. It referenced photographs of the victim's injuries, which "all indicate a pretty significant level of violence." The court stated that, although Muehl had been charged with a misdemeanor, it was

3

"probably pretty close to the point where there might have been some question about whether it might be a higher level of battery than was actually charged." The court also discussed another domestic violence related charge, which had been dismissed and read in. According to the court, the "public has a right to expect that there is going to be an appropriate response to that type of criminality."

¶8     The circuit court sentenced Muehl to 16 months of initial confinement and six months of extended supervision. After pronouncing sentence, the court stated: "You are eligible, statutorily, for the challenge incarceration program and are eligible for the substance abuse program. However, the Court requires that you not be released to extended supervision until having served no less than 13 months of initial confinement."[3]

¶9     Following sentencing, Muehl asked for clarification about whether he would be "eligible for release [to extended supervision] after 13 months" if he did not complete the challenge incarceration program or the substance abuse program. The circuit court replied: "Programming must be completed before early release."

¶10    In September 2021, Muehl filed a motion asking the circuit court to "reduce the incarceration period of [his] sentence by three months." The ground for the motion was that, contrary to the DOC's representation at the time of sentencing, Muehl was not statutorily eligible for the early release programs. Muehl argued that the circuit court had emphasized his substance abuse treatment needs during sentencing but was unaware that he would be ineligible for treatment

---

[3] The circuit court also found that Muehl was entitled to 167 days of sentence credit.

through the substance abuse program while incarcerated. Muehl asked the court to modify his term of initial confinement to 13 months so that he could seek treatment in the community.

¶11 The circuit court denied Muehl's motion by letter the following day, explaining as follows:

> The Court has considered Mr. Muehl's request for sentence modification and it is denied. Mr. Muehl does not introduce any information that would have impacted the Court's determination that a 16-month term of Initial Confinement was appropriate. His eligibility/ineligibility for the [substance abuse program] had no bearing upon this decision, whatsoever. Mr. Muehl's treatment needs will be addressed through Extended Supervision.

Muehl appeals.

## DISCUSSION

¶12 A sentencing court has inherent authority to modify a defendant's sentence based on a "new factor." *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828 (quoted source omitted). It is undisputed that Muehl was not statutorily eligible for either of the early release programs that the circuit court mentioned during sentencing, and on appeal, Muehl maintains that his ineligibility for these programs constitutes a new factor warranting sentence modification.

¶13 "Deciding a motion for sentence modification based on a new factor is a two-step inquiry." *Id.*, ¶36. The defendant must first demonstrate the existence of a new factor by clear and convincing evidence. *Id.* A new factor is "a fact or set of facts" that is "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was

5

unknowingly overlooked by all of the parties." *Id.*, ¶40 (quoted source omitted). The existence of a new factor is a question of law. *Id.*, ¶36. If a new factor is present, the court must determine "whether that new factor justifies modification of the sentence." *Id.*, ¶37.

¶14 A circuit court may deny a motion for sentence modification based on the defendant's failure to demonstrate the existence of a new factor, or it may deny the motion because it determines that the alleged new factor would not justify sentence modification. *Id.*, ¶38. On appeal, I independently review whether the defendant has proven the existence of a new factor, and I review the circuit court's decision about whether any new factor justifies sentence modification for erroneous exercise of discretion. *See id.*, ¶¶36-37.

¶15 I conclude that Muehl has not established the existence of a "new factor," as that term is used in *Harbor*. To be sure, Muehl's ineligibility for the early release programs is a "fact or set of facts" that was "not known to the trial judge at the time of sentencing." *See id.*, ¶40. However, not all unknown facts constitute a new factor—the unknown fact must also be "highly relevant to the imposition of sentence." *See id.*

¶16 Under other circumstances, a defendant's ineligibility for a program might be "highly relevant to the imposition of sentence." Here, however, the record plainly reveals Muehl's ineligibility for the programs was not "highly relevant" to the court's sentencing decision. As the circuit court explained when it denied the motion for sentence modification, Muehl's "eligibility/ineligibility for the [substance abuse program] had no bearing upon [the court's sentencing] decision," and knowledge that Muehl was actually ineligible for the program

6

would not have "impacted the Court's determination that a 16-month term of Initial Confinement was appropriate."

¶17    The sentencing transcript supports this conclusion. Although the circuit court noted Muehl's treatment needs during sentencing, the treatment needs were not the focus of the court's exercise of sentencing discretion. On the contrary, the transcript reveals that the court rejected the DOC's recommendation and imposed a 16-month period of initial confinement primarily due to Muehl's extensive criminal history and the seriousness of his offenses. The court explained that "[t]he public has a right to expect that there is going to be an appropriate response to that type of criminality."

¶18    It was not until after the circuit court sentenced Muehl to 16 months initial confinement that it discussed his eligibility for early release under the challenge incarceration program and the substance abuse program. And in so doing, the court stated that, despite the potential for early release to extended supervision, Muehl would not be eligible for release until he served "no less than 13 months of initial confinement." The words used by the court demonstrate that it was not focused on incentivizing Muehl's participation in treatment with the possibility of release after 13 months—it instead wanted to ensure that Muehl would not be released without serving a minimum of 13 months initial confinement, despite any progress he made in treatment.

¶19    Muehl cites to *State v. Yanda*, No. 2018AP412, unpublished slip op. (WI App June 18, 2019), but that decision does not lend support to his argument. In *Yanda*, as here, the sentencing court declared that the defendant was eligible for certain programing, and the defendant then learned that he was ineligible after he began serving his sentence. *Id.*, ¶¶6-7. The circuit court accepted the parties'

7

stipulation that Yanda's ineligibility for programming was a new factor, but it determined that the new factor did not warrant sentence modification. ***Id.***, ¶¶17-18. We affirmed the court's exercise of discretion. ***Id.***, ¶¶21-23. ***Yanda*** does not establish that a defendant's eligibility for programming is always a new factor.

¶20 Accordingly, I conclude that Muehl has not met his burden to show the existence of a new factor that is highly relevant to the circuit court's sentence.[4]

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] Given this conclusion, which is dispositive, I need not address the other arguments raised by the parties, including their disagreement about whether this appeal is moot because Muehl has now completed his term of initial confinement. "An appellate court need not address every issue raised by the parties when one issue is dispositive." ***Barrows v. American Fam. Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013).