COURT OF APPEALS
DECISION
DATED AND FILED

January 14, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. 2023AP1375

STATE OF WISCONSIN

Cir. Ct. No. 2021CV5480

IN COURT OF APPEALS
DISTRICT I

MONICA J. MACKAY,

PLAINTIFF-APPELLANT,

V.

DISRUPT IDEA COMPANY, LLC, ANDREW J. ROSE-RANKIN, WILLIAM T. KRESSE, PAUL J. POUSHA, SCOTT C. BAITINGER AND GREGORY J. BROWN,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: GWENDOLYN G. CONNOLLY, Judge. *Reversed and cause remanded with directions.*

Before Donald, P.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1　PER CURIAM　Monica J. MacKay appeals a circuit court order granting in part a motion to compel arbitration. We conclude that the circuit court erred when it failed to address MacKay's second amended complaint before ruling on the motion to compel arbitration. Accordingly, we reverse and remand with directions.

## BACKGROUND

¶2　On January 1, 2020, MacKay became a ten percent owner of Disrupt Idea Company, LLC ("Disrupt"). Around that time period, MacKay reviewed and signed an operating agreement, which included an arbitration clause. Subsequently, in July 2021, MacKay resigned from Disrupt and entered into a buy-out agreement.

¶3　On August 27, 2021, MacKay filed a complaint with the Department of Workforce Development Equal Rights Division, asserting that during her employment, Disrupt violated the Wisconsin Fair Employment Act by engaging in sexual harassment, sex discrimination, pregnancy discrimination, and constructive discharge.

¶4　Shortly thereafter, on September 8, 2021, MacKay filed the complaint underlying this appeal in the Milwaukee County Circuit Court against Disrupt and its owners, Andrew J. Rose-Rankin, William T. Kresse, Paul J. Pousha, Scott C. Baitinger, and Gregory J. Brown.

¶5　The complaint alleged four causes of action: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) tortious interference with contract; and (4) unjust enrichment. The complaint also included a request for an order declaring the arbitration clause unenforceable. The complaint referenced the

alleged conduct that gave rise to MacKay's sexual harassment, sex discrimination, and pregnancy discrimination claims.

¶6      Less than a month later, on October 6, 2021, MacKay filed her first amended complaint as "a matter of course," pursuant to WIS. STAT. § 802.09 (2021-22).[1]  The first amended complaint alleged the same causes of action in the original complaint.

¶7      Disrupt moved to dismiss for failure to state a claim and to compel arbitration on December 6, 2021.  A briefing schedule was ordered, and a motion hearing was set for June 3, 2022.

¶8      On March 3, 2022, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") became effective.  *See* 9 U.S.C. §§ 401-02; Pub. L. No. 117-90.   The EFAA provides that "no predispute arbitration agreement … shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute."  9 U.S.C. § 402(a).

¶9      MacKay filed a motion for leave to file a second amended complaint on April 14, 2022.  The motion explained that the second amended complaint would "add new factual allegations relating to Defendants' retaliatory conduct, arising out of events set forth in the original pleading and continuing to the present day."  The motion also noted that the amended complaint would add that the

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

arbitration clause was unenforceable under the EFAA. Disrupt objected. The circuit court did not rule on the motion.

¶10 On October 24, 2022, the circuit court heard oral argument on Disrupt's motion to dismiss and motion to compel arbitration. The court ordered an evidentiary hearing on the issue of unconscionability of the arbitration clause.

¶11 After a two-day evidentiary hearing, the circuit court issued a written decision, finding that all of MacKay's claims, except for the unjust enrichment claim, should proceed to arbitration. Relevant to this appeal, in its decision, the court noted that the second amended complaint was "not yet admitted." The court then went on to find that the EFAA did not render the arbitration clause invalid "because this dispute does not involve applicable conduct that occurred after the Act became effective on March 3, 2022." The court stated that "[a]t the latest, this claim arose when it was filed on September 8, 2021." MacKay now appeals from this order.

## DISCUSSION

¶12 On appeal, MacKay argues that the circuit court erred in two respects. First, MacKay contends that the circuit court erred by failing to rule on her motion for leave to amend her complaint and consider the facts and law in the proposed second amended complaint before deciding the motion to compel

arbitration. Second, MacKay contends that the circuit court should have found that the EFAA applies and invalidates the arbitration clause at issue.[2]

¶13 We conclude that the circuit court erroneously exercised its discretion by failing to rule on MacKay's motion for leave to file a second amended complaint prior to deciding the motion to compel arbitration. Accordingly, we reverse and remand for the circuit court to address MacKay's motion for leave to file a second amended complaint, and we decline to address MacKay's second issue.[3] If the circuit court grants MacKay's request to file a second amended complaint, the circuit court should address whether the facts alleged in the second amended complaint fall within the EFAA, and if so, whether the EFAA invalidates the arbitration clause.

¶14 A party "may amend the party's pleading once as a matter of course at any time within [six] months after the summons and complaint are filed or within the time set in a scheduling order[.]" WIS. STAT. § 802.09(1). After that, a party may amend its pleading by "leave of court or by written consent of the adverse party[.]" *Id.* "[L]eave shall be freely given at any stage of the action when justice so requires." *Id.*

¶15 "Wisconsin embraces a policy in favor of liberal amendment of pleadings." *Tietsworth v. Harley-Davidson, Inc.*, 2007 WI 97, ¶25, 303 Wis. 2d

---

[2] We note that Disrupt complains that MacKay did not include all of her issues in her docketing statement, but then concedes that the failure to include any matter in the docketing statement does not constitute waiver of that issue on appeal. Based on Disrupt's concession, we do not address this argument further.

[3] "An appellate court need not address every issue raised by the parties when one issue is dispositive." *Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508.

94, 735 N.W.2d 418. The decision whether to grant or deny a motion to amend a complaint "lies within the [circuit] court's discretion." *Mach v. Allison*, 2003 WI App 11, ¶20, 259 Wis. 2d 686, 656 N.W.2d 766. We will affirm a circuit court's discretionary decision if it applies "the correct legal standard to the facts of record in a reasonable manner." *Id.*

¶16 Here, as the parties observe, the circuit court did not rule on MacKay's motion for leave to file a second amended complaint. MacKay requested leave to amend her complaint well in advance of the oral argument on the motion to compel arbitration. MacKay's motion asserted that a second amended complaint would include factual allegations placing the case within the scope of the EFAA and rendering the arbitration clause unenforceable. Given Wisconsin's policy of liberally allowing the amendment of pleadings and the potential bearing of the second amended complaint on the arbitration clause issue, we conclude that the circuit court's failure to address MacKay's motion for leave to file a second amended complaint before deciding the motion to compel arbitration was an erroneous exercise of discretion. *See Mach*, 259 Wis. 2d 686, ¶20; *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982) (stating that we will affirm a discretionary decision only if the circuit court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach").

¶17 Therefore, we reverse and remand for the circuit court to rule on MacKay's motion for leave to file a second amended complaint. If the circuit court grants the motion and accepts a second amended complaint, the circuit court should determine whether the facts alleged in the second amended complaint fall within the EFAA, and if so, whether the EFAA invalidates the arbitration clause.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.